UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NIKKITTA CAROL ANN BOOTHE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C17-5507 RSL

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Nikkitta Carol Anne Boothe appeals the decision of the administrative law judge ("ALJ") finding her not disabled. Ms. Boothe contends the ALJ erroneously (1) found migraines, seizures, and sleeping spells are not severe impairments, and (2) discounted the opinions of Alysa Ruddell, Ph.D., and Alicia Grattan, M.D. Dkt. 8. For the reasons below, the Court rejects the arguments, **AFFIRMS** the Commissioner's final decision, and **DISMISSES** the case with prejudice.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Ms. Boothe has not engaged in substantial gainful activity since January 1, 2011.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 1

> **Step two:** Ms. Boothe has the following severe impairments: posttraumatic stress disorder ("PTSD"), depressive disorder, and fibromyalgia are severe impairments.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity:** Ms. Boothe can perform light work with additional physical, environmental, and mental limitations.
>
> **Step four:** Ms. Boothe has no past relevant work.
>
> **Step five:** Ms. Boothe can perform jobs that exist in significant numbers in the national economy and is thus not disabled.

Tr. 18-40. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied Ms. Boothe's request for review. Tr. 1.[3]

# DISCUSSION

**A.  The ALJ's Step Two Findings**

Ms. Boothe contends the ALJ, at step two, erroneously found migraines, seizures and sleeping spells are not severe impairments. Dkt. 8 at 6-7. Ms. Boothe bears the burden at step two to establish (1) she has a medically determinable impairment or combination of impairments; (2) the impairment or combination of impairments is severe, i.e., the impairment significantly limits a claimant's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c), 404.1521(a); and (3) the impairment lasted at least 12 months. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). She has failed to meet her burden of proof.

First, Ms. Boothe has not shown the contested impairments are medically determinable. She argues that her "medical records demonstrate a diagnosis of persistent migraines," citing to

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 2

the records of Jon D. Mortenson, Certified Physician Assistant. Dkt. 8 at 7. However, evidence from an acceptable medical source is required to establish the existence of a medically determinable severe impairment at step two. 20 C.F.R. § 404.1513(a). Acceptable medical sources include licensed physicians, either medical or osteopathic doctors. *Id.* Mr. Mortenson is not a medical doctor. Information from an "other source," such as Mr. Mortenson, cannot establish the existence of a medically determinable severe impairment. Social Security Ruling ("SSR") 06-03p. [4] As to seizures and sleeping spells, Ms. Boothe fails to point to any medical source that determined she suffers from these conditions based upon medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1508 (An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.). To the extent Ms. Booth testified about seizures and sleeping spells, her testimony is insufficient. Symptoms are the claimant's own descriptions of her physical or mental impairment. 20 C.F.R. § 404.1528(a). However, a claimant's statement of symptoms alone is not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1508, 404.1528(a).

Second, Ms. Boothe has not established headaches, seizures and sleeping spells are "severe." An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c), 404.1521(a). The evidence regarding the impact that headaches, seizures and sleeping spells have on Ms. Boothe's functioning is skimpy. At the hearing conducted by the ALJ in 2015, Ms. Boothe was asked by her attorney

---

[4] SSRs do not have the force of law. Nevertheless, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 3

"Why is it you think you cannot work now, Nikkitta?" Tr. 70. Ms. Boothe testified she could not work "due to either anxiety or physical illness caused by anxiety or physical illness just caused by whatever is wrong with my back." *Id.* Ms. Boothe also stated her PTSD caused her to blackout, she has a fear of clowns, and that she has panic attacks. Tr. 72-74. Ms. Boothe, however, made no mention of headaches, seizures, or sleeping spells.

Ms. Boothe also submitted two written "Function Reports" in which she described how her conditions limited her ability to work. In the first, submitted in 2011, she stated she had intense migraines and that she often falls asleep during any activity. Tr. 263. In the second, submitted in 2014, she stated she could not work due to PTSD which triggered high states of anxiety and hip, neck and back problems that limited her ability to stand, walk and lift items over 20 pounds. Tr. 328.

Ms. Boothe was also examined by Dr. Gary Gaffield, DO, in 2011. She reported to the doctor that although she suffered from migraine headaches, "she has never missed work because of a headache." Tr. 387. In short, Ms. Boothe testified headaches and sleepiness limited her ability to work in 2011, but she also stated in 2011 that headaches did not cause her to miss work. After 2011, Ms. Boothe provided no testimony indicating she was limited by headaches, seizures or sleeping spells. In 2011 and in January 2012, Mr. Mortenson noted Ms. Boothe's complaints about suffering migraine headaches three times a week. Tr. 511. But thereafter, there is just occasional mention of migraine headaches, and no specific treatment notes or plans in the medical record. *See e.g.* Tr. 642 ("Migraine, Migraine unspecified without mention of intractable migraine.").

The Court accordingly concludes the ALJ's step two determination that migraine headaches, seizures and sleeping spells are not severe impairments is supported by substantial

evidence and that the ALJ's step two determinations should be affirmed. *See e.g., Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (ALJ should be affirmed when ALJ's determination is not based on legal error and is supported by substantial evidence.).

**B.     The ALJ's Evaluation of the Medical Evidence**

Ms. Boothe contends that the ALJ erroneously rejected portions of the opinions of Alysa Ruddell, Ph.D., and Alicia Grattan, M.D., while giving significant weight to the opinions of two non-examining doctors. Dkt. 8 at 8. The Commissioner correctly argues Ms. Boothe's argument is "facially insufficient." Dkt. 9 at 6.

Claims that are unsupported by explanation or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc*., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue). Here, it is not enough merely to present an argument in the skimpiest way, leaving the Court to do counsel's work of framing the argument and putting flesh on its bones through a discussion of the applicable law and facts. *See e.g. Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review). The Court thus further rejects the claims lacking in any support and as waived.

Even if the Court delves into the merits of this bare bones contention, it finds that the ALJ reasonably evaluated the doctors' opinions. The ALJ found that Dr. Ruddell's opinion that

Ms. Boothe's mental disorders markedly limited her is inconsistent with the doctor's assessment that Ms. Boothe had mild to moderate functional limitations and no marked limitations. Tr. 33-34. The record supports this finding. *See* Tr. 376, 378, 380. The ALJ is charged with evaluating the medical evidence. *Andrews v.* Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). It is the ALJ's province to resolve conflicts and ambiguity in the medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). That is what the ALJ did here in finding that Dr. Ruddell's opinion about the severity of Ms. Boothe's mental conditions is inconsistent with the doctor's conclusion that she had mild to moderate functional limitations. While Ms. Boothe may disagree with the ALJ's finding, the Court is not in a position to reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

      The ALJ also properly rejected Dr. Grattan's opinion that Ms. Boothe cannot maintain regular work attendance or complete a normal workweek. The ALJ found the opinion to be inconsistent with Ms. Boothe's ability to perform part-time work as a nanny until she became pregnant; her past work performance in which attendance was never a reason for termination; and her ability to work with computers, read for hours, volunteer at and participate in conventions, and care for an infant. Tr. 34. An ALJ may give less weight to an opinion that is inconsistent with other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). A material inconsistency between a doctor's opinion and a claimant's activities can furnish a specific, legitimate reason for rejecting the treating physician's opinion. *See, e.g., Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). This is what the ALJ properly did here.

      In sum, Ms. Boothe fails to set forth how or why the ALJ erred in discounting portions of

the opinions of Drs. Ruddell and Grattan. She has accordingly failed to meet her burden of showing the ALJ erred. The Court has also reviewed the record and the ALJ's reasoning and concludes the ALJ's findings are supported by substantial evidence and free of legal error. To the extent Ms. Boothe claims the ALJ erred as a matter of law by giving more weight to the opinions of non-examining doctors than to examining doctors, the argument fails. The ALJ did not engage in this type of impermissible weighing and instead, as noted above, gave valid reasons for discounting the opinions of Drs. Ruddell and Grattan. The Court accordingly affirms the ALJ's evaluation of the doctors' opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 27th day of February, 2018.

ROBERT S. LASNIK
United States District Judge

ORDER AFFIRMING THE COMMISSIONER
AND DISMISSING THE CASE - 7